**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Albert KOTOCH, Defendant–Appellant.**

**No. 91–3364.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 19, 1991.

Decided Jan. 2, 1992.

Stephen G. Sozio, Asst. U.S. Atty. (argued and briefed), Ann C. Rowland, U.S. Atty., Organized Crime Strike Force Unit, Cleveland, Ohio, for plaintiff-appellee.

Elmer A. Giuliani (argued and briefed), Philip J. Korey (briefed), Cleveland, Ohio, for defendant-appellant.

Before NELSON and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.

SUHRHEINRICH, Circuit Judge.

Albert Kotoch received a twenty-seven month sentence for structuring a financial transaction to evade reporting requirements in violation of 31 U.S.C. § 5324. Kotoch submits on appeal that the district court misapplied the United States Sentencing Guidelines ("U.S.S.G."). We think Kotoch's sentence resulted from a partial misapplication of the Guidelines and therefore affirm in part, vacate in part, and remand to the district court for resentencing.

### I

Kotoch's troubles began when he bought a boat from Pier 1000 Limited, Inc., a boat dealership in Michigan. He paid $42,000 in cash as part of the vessel's $67,000 sale price. As a condition of purchase, Kotoch instructed Pier 1000 employees Michael Stewart and Michael Klarke to deposit the cash in amounts of less than $10,000. Stewart and Klarke dutifully followed instructions and made five separate deposits of less than $10,000 at a bank in Benton Harbor, Michigan. Although Kotoch admits his intent to evade statutory reporting requirements, Stewart and Klarke deny knowing that their actions violated the law.

Following Kotoch's indictment, he pled guilty to one count of structuring a financial transaction in violation of 31 U.S.C. 5324(3). At the sentencing hearing, the district court enhanced Kotoch's sentence by five points pursuant to Guidelines § 2S1.3(b)(1). The court found that Kotoch knew the funds used to purchase the boat were derived from illegal wagering.

The district court enhanced Kotoch's sentence an additional two points for managing criminal activity involving two or more participants. U.S.S.G. § 3B1.1(c). In the court's view, Kotoch's direction of Stewart and Klarke satisfied the requirements of section 3B1.1(c).

### II

The standard for appellate review of sentences under the Guidelines is set forth in 18 U.S.C. § 3742(e), which provides that "[t]he court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts."

### A

■ Kotoch's first submission is that the use of his tax returns in a criminal case violates his Fifth Amendment privilege against self-incrimination and the express non-disclosure provisions of 26 U.S.C. § 4424.[1] Section 4424(c) forbids the use in a non-tax case of any material maintained by the taxpayer to comply with the tax code's record-keeping requirements. Further, section 4424(c)(2) expressly forbids use of a taxpayer's returns in any criminal prosecution other than one to enforce the wagering tax provisions themselves. *See, e.g., United States v. Brian*, 507 F.Supp. 761, 768 (D.R.I.1981).

The government contends that Kotoch waived his right to non-disclosure by voluntarily providing his tax returns for 1984 through 1989 to the United States Attorney's office. Kotoch's counsel did in fact

---

1. Section 4424 provides in relevant part that Treasury Department employees may not divulge:

   (1) any original, copy, or abstract of any return, payment, or registration made pursuant to this chapter,

   (2) any record required for making any such return, payment, or registration, which the Secretary is permitted by the taxpayer to examine or which is produced pursuant to section 7602, or

   (3) any information come at by the exploitation of any such return, payment, registration, or record.

send the tax returns to the prosecutor prior to Kotoch's plea agreement. At oral argument, counsel indicated a desire to provide a more "balanced" picture of the facts upon which Kotoch might be charged. Kotoch subsequently supplied the returns to the probation department prior to the sentencing hearing.

Waiver of a right must be knowingly and voluntarily made. *See Tierney v. Schweiker,* 718 F.2d 449, 456 (D.C.Cir.1983). Knowing and voluntary consent to the release of confidential information protects the privacy of individual taxpayers and guards against abusive governmental practices. *Id.* at 455.

Several facts support our conclusion that Kotoch's privilege against self-incrimination was not violated by the use of his tax returns. First, it was Kotoch's attorney that provided the government with the returns. Second, Kotoch permitted the use of the returns for the purpose of the presentence report. Third, Kotoch was present at the pretrial and sentencing hearings and failed to object.

Nor is there any evidence that the government coerced Kotoch to provide the returns. At Kotoch's plea hearing he expressly denied being induced or in any way threatened by the government. Unlike in *Tierney,* the facts before us do not make "a mockery of the consent requirement." *Id.* at 456. Under these special circumstances, the district court's use of Kotoch's tax returns to enhance his sentence is not clearly erroneous.

As for the separate question of whether the government proved by a preponderance of the evidence that the money used to purchase the boat was obtained from illegal wagering activity, the district court's affirmative finding is not clearly erroneous.

### B

■ The district court did, however, misapply the Guidelines in its two-point en-

hancement of Kotoch's sentence pursuant to U.S.S.G. § 3B1.1(c).[2] The court found that Kotoch's use of Stewart and Klarke qualified him as an "organizer, leader, manager or supervisor" of two or more participants.

This court has held that a section 3B1.1(c) enhancement is not triggered "by the mere fact that the activity involved use of the services of several innocent people." *United States v. Carroll,* 893 F.2d 1502, 1509 (6th Cir.1990). Under *Carroll,* "enhancement pursuant to § 3B1.1 requires the participation of at least two culpable individuals." *Id.* The district court made no finding that Stewart and Klarke were involved in the bank transactions in any way other than as innocent dupes. Neither was named in the indictment and the government advanced no proof of criminal responsibility.

The government submits that both Stewart and Klarke were nonetheless directed by Kotoch. But mere direction by a criminally culpable individual falls short of satisfying the requirements of section 3B1.1. Although the term participant does not appear in section 3B1.1(c), we are bound by our interpretation of this section in *Carroll.* Absent proof of the culpability of Stewart and Klarke, section 3B1.1(c) does not apply to Kotoch's conduct and cannot therefore be the vehicle for enhancing his sentence. *See Carroll,* 893 F.2d at 1509.

### III

To sum up, we affirm Kotoch's five-point enhancement on the ground that he knowingly and intelligently waived his right to non-disclosure of the tax returns. The two-point enhancement is vacated and this matter is remanded to the district court for resentencing consistent with this opinion.

■

---

2. Section 3B1.1 provides in pertinent part:
   (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

The commentary to § 3B1.1 states in part: 1. A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted.