UNITED STATES of America, Plaintiff–Appellee,

v.

Mary Lynn LEWIS, Defendant–Appellant.

No. 95–5226.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 18, 1995.

Decided Nov. 7, 1995.

**988**

Jennifer L. Webber (argued and briefed), Office of the U.S. Attorney, Memphis, TN, for Plaintiff-Appellee.

Joseph T. Townsend (argued and briefed), Office of the Federal Public Defender, Memphis, TN, for Defendant-Appellant.

Before: NORRIS and SUHRHEINRICH, Circuit Judges; FORESTER, District Judge.*

---

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ALAN E. NORRIS, Circuit Judge.

Defendant, Mary Lynn Lewis, appeals the sentence she received following her guilty plea to three counts of fraudulent use of an access device in violation of 18 U.S.C. § 1029(a)(2) (1988). She asserts that the trial court erred in enhancing her sentence under § 3B1.1(c) of the United States Sentencing Guidelines. That section imposes a two-level enhancement for being an organizer or leader of a criminal activity consisting of fewer than five participants. Because the district court misconstrued the term "participants" in § 3B1.1(c), defendant's sentence must be vacated.

## I. FACTS

The charges against defendant stemmed from a credit card scam. Defendant obtained a list of names and credit card numbers and then used the credit card numbers to purchase gift certificates from the Splash Casino in Tunica, Mississippi. Each certificate cost $35 and entitled the bearer to $30 in gambling tokens and $50 in casino services. Over the course of the scam, defendant purchased 209 gift certificates for a total price of $7,315. Some of the certificates were purchased in her name and the rest under fictitious names. In an effort to avoid detection, defendant often asked young women she encountered at the casino to redeem the coupons for her, giving them tokens in exchange.

The district court increased her offense level by two pursuant to the Sentencing Guidelines after concluding that she was an organizer, leader, manager, or supervisor in a criminal activity that involved fewer than five participants. U.S.S.G. § 3B1.1(c).

## II. DISCUSSION

Defendant's sole argument on appeal is that the district judge erred in applying the enhancement when computing her sentence. ▪ The government bears the burden of establishing the elements of a § 3B1.1

enhancement by a preponderance of the evidence. *United States v. Ledezma*, 26 F.3d 636, 644 (6th Cir.1994). This court reviews the district court's legal conclusions de novo and accepts the district court's factual findings unless clearly erroneous. *United States v. Rutana*, 18 F.3d 363, 365 (6th Cir.1994).

Section 3B1.1 of the United States Sentencing Guidelines provides:

*Aggravating Role*

Based on the defendant's role in the offense, increase the offense level as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

The application notes following § 3B1.1 define "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 comment, n.1. This court has interpreted § 3B1.1(c) to include the requirement that the defendant's direction be of "participants," even though that section does not expressly include the term "participants." *United States v. Kotoch*, 954 F.2d 340, 342 (6th Cir.1992).

The district judge concluded that the § 3B1.1(c) enhancement was appropriate because (1) defendant was the organizer and leader of the credit card scheme and (2) the women she approached in the casino to redeem the coupons were "participants" because they were aware of the criminal nature of their activity.

■ Defendant's claim that she was not an "organizer, leader, manager, or supervisor" can be disposed of quickly, since the record plainly supports the district court's finding that defendant masterminded the entire scheme, selected the women to approach the casino cashier, instructed them how to proceed, and then compensated them for successfully redeeming the coupons. Without question, her leadership activities were critical to the success of the scheme.

■ Defendant next contends that the women recruited to redeem the coupons were not "participants" as contemplated by the guideline. We agree.

■ Application Note 1 to § 3B1.1 defines "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." We accord the Sentencing Guidelines' application notes and commentary controlling weight. *United States v. Arnold*, 58 F.3d 1117, 1124 (6th Cir.1995). Thus, for § 3B1.1(c) to apply to defendant, the women she recruited must be criminally responsible for the commission of the offense of fraudulent use of an access device in violation of § 1029(a)(2), although they need not have been convicted of that offense.

While the district court concluded that the women who cashed the certificates were culpable in the sense that they were aware that something was suspicious about their standing in for defendant, the court did not find expressly that they were involved with defendant to the extent that they, too, would be deemed criminally liable. What the court said was that "[T]his certainly was a situation that aroused a great deal of suspicion and they knew they were not doing something that was allowed by the law." On that basis, the court erroneously concluded that the women were "participants" for purposes of § 3B1.1(c). A generalized suspicion, however, would not support a conviction under § 1029(a)(2), since that statute requires the use of an access device "knowingly and with intent to defraud." 18 U.S.C. § 1029(a)(2) (1988). The district court made no finding that the women knew or even suspected that Lewis purchased the casino certificates with fraudulently obtained credit card numbers. Without this knowledge, the women could not have violated § 1029(a)(2) either as principals or as aiders and abettors. *See United States v. Frazier*, 880 F.2d 878, 886 (6th Cir.1989)

(listing the elements of aiding and abetting as (1) an act that contributes to the commission of the crime and (2) an intention to aid in the commission of the crime). Because the district court did not find that the women possessed the knowledge and intent required by the statute, they could not be criminally responsible for the commission of the offenses under § 1029(a)(2) and could not be "participants" for the purpose of § 3B1.1(c) of the Sentencing Guidelines.

Accordingly, defendant's sentence is **vacated** and this cause is **remanded** to the district court for resentencing in accordance with this opinion.