103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Guy DUNCAN, Defendant-Appellant.
 No. 96-5422.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Michael Guy Duncan appeals his judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1996, Duncan pleaded guilty to defrauding the federal government in violation of 18 U.S.C. § 287. The district court sentenced Duncan to twenty-four months of imprisonment and three years of supervised release, ordered Duncan to pay $304,000 in restitution, and imposed a $50 special assessment. Duncan has filed a timely appeal, in which he argues that the district court improperly enhanced his Sentencing Guideline range under USSG § 3B1.1(c). Counsel for both parties have waived oral argument.
 
 
 3
 Upon review, we conclude that Duncan's argument that the district court improperly enhanced his guideline range under USSG § 3B1.1(c) is without merit. Section 3B1.1(c) provides that a defendant's total offense level shall be increased by two points if he was an organizer, leader, manager, or supervisor in any criminal activity. In determining whether to apply § 3B1.1, the district court should consider: 1) the defendant's exercise of decision-making authority; 2) the nature of his participation in the commission of the offense; 3) his recruitment of accomplices; 4) the defendant's claimed right to a larger share of the fruits of the crime; 5) the defendant's degree of participation in planning or organizing the offense; 6) the nature and scope of the illegal activity; and 7) the degree of control and authority exercised by the defendant over others. USSG § 3B1.1, comment. (n. 4); United States v. Bashara, 27 F.3d 1174, 1183 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995). The government must establish the elements of a § 3B1.1 enhancement by a preponderance of the evidence. United States v. Lewis, 68 F.3d 987, 988-89 (6th Cir.1995). This court reviews the district court's legal conclusions de novo and accepts the district court's factual findings unless clearly erroneous. Id. at 989.
 
 
 4
 The district court properly concluded that Duncan was an organizer, leader, manager, or supervisor of the criminal activity underlying his conviction. Duncan owned a company which entered into an agreement with the Tennessee Valley Authority (TVA) to repair computers and perform preventive maintenance on high speed printers. Although the TVA terminated its agreement with Duncan's company in January 1994, the company continued to fraudulently bill TVA for services not rendered by entering unauthorized charges on a TVA credit card and then creating fraudulent invoices to substantiate the charges. It is undisputed that Duncan suggested the scheme to his bookkeeper and co-defendant, Michael Hampton. Hampton subsequently began to make the fraudulent charges at Duncan's direction. The vast majority of the money defrauded ($304,000) went into Duncan's company in order to keep it afloat, and Duncan received approximately $60,000 in salary from the company, as opposed to Hampton's salary of approximately $30,000. Since Duncan suggested the scheme, recruited Hampton to execute the offense, received a larger share of the fruits of the crime through his salary and the continued viability of his business, participated in the planning of the offense and exercised a degree of control and authority over Hampton as owner of the company, the two point enhancement under § 3B1.1(c) was properly applied to him.
 
 
 5
 Accordingly, this court affirms the district court's judgment.