**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Kenneth CYPHERS,
Defendant–Appellant.**

**No. 96–30301.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1997.

Decided Dec. 11, 1997.

---

**2.** Indeed, service necessary for operation of a plan is exempted from the scope of "prohibited transactions." 29 U.S.C. § 1108(b)(2).

**1362**

Norman Sepenuk and Douglas Stringer, Portland, Oregon, for the defendant-appellant.

Robert B. Ross, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: SKOPIL and HAWKINS, Circuit Judges, and MERHIGE, District Judge.*

SKOPIL, Senior Circuit Judge:

Robert Cyphers pleaded guilty to charges of submitting false reports in violation of 18 U.S.C. § 1001. He challenges his sentence, contending that the district court erred by adjusting his offense level upward based upon a finding that he supervised others who participated in the offense. Cyphers contends that the adjustment is not appropriate because the others were not "participants" in the same crime that he committed. We conclude that the adjustment was appropriate, and accordingly, we affirm.

## FACTS AND PRIOR PROCEEDINGS

Cyphers was licensed to clean up environmental contamination from leaking underground gasoline and other fuel storage tanks. Such cleanups are required by federal law, 42 U.S.C. §§ 6901–92k, but the program is implemented by the states. Operating through various companies, Cyphers contracted to remove and replace leaking tanks, conduct soil and water sampling and lab testing, remove contaminated soil and water, and submit required reports to the state. Cyphers, in fact, submitted false reports, some from labs that did not exist, others forged on legitimate laboratory letterhead. Cyphers also directed his employees to take samples from areas that would show sites to be free from contamination, when they were not. In one case, he directed his employees to drain contaminated water from holding tanks directly

---

* The Honorable Robert R. Merhige, Jr., United States Senior District Judge for the Eastern District of Virginia, sitting by designation.

into the storm sewers during the night without sampling, testing, or obtaining a permit.

Cyphers was charged with fifty-one counts of submitting false reports concerning clean-up sites in Oregon, but ultimately pleaded guilty to four counts. At sentencing, the court determined Cyphers' offense level to be 15, including a two-level upward adjustment pursuant to U.S.S.G. § 3B1.1(c). The court specifically found that Cyphers supervised employees who "knew and participated in the fraudulent practices at the direction of the defendant."

## DISCUSSION

■ The Sentencing Guidelines provide for adjustments to a defendant's offense level "based upon the role the defendant played in committing the offense." U.S.S.G. Opening Commentary to Part B—Role in the Offense. The district court applied section 3B1.1(c), which provides for a two-level increase when defendant is determined to be "an organizer, leader, manager, or supervisor in any criminal activity." Although that section does not expressly require that there be a "participant" in the crime, we have held that there must be at least one participant other than the defendant. *See United States v. Anderson,* 942 F.2d 606, 617 (9th Cir.1991) (en banc). A participant for purposes of a role adjustment is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 (Application Note 1).

Cyphers contends that his employees did not participate in the crime charged—submitting false statements—thus, they are not "criminally responsible for the commission of the offense." The government responds that the 1990 amendment to the introductory commentary permits sentencing courts to examine a defendant's supervisory role over others for all relevant conduct, not limited to the elements of the crime of conviction. We agree. "The 1990 amendment to the introductory commentary explains that the adjustment for role is based on all relevant conduct, as defined in U.S.S.G. § 1B1.3, and

not solely on the defendant's role in the offense of conviction." *United States v. Savage,* 67 F.3d 1435, 1443 (9th Cir.1995). "Because of this change, ... § 3B1.1 is not limited to the offense of conviction." *United States v. Lillard,* 929 F.2d 500, 503 (9th Cir.1991). Thus, we agree with the government that it was proper for the district court to consider Cyphers' role in all relevant conduct.

■ We do not agree with Cyphers that *United States v. Lewis,* 68 F.3d 987 (6th Cir.1995), and *United States v. Melendez,* 41 F.3d 797 (2d Cir.1994), compel a different conclusion. In both those cases, the alleged participants were unwittingly involved in the defendants' crimes. *See Lewis,* 68 F.3d at 989 ("district court made no finding that the women knew or even suspected"); *Melendez,* 41 F.3d at 800 ("no evidence that the three individuals had advance knowledge of the theft, much less participated in its planning or execution"). Thus, these and other cases demonstrate only that mere unknowing facilitators of crimes will not be considered criminally responsible participants. *See, e.g., United States v. Hall,* 101 F.3d 1174, 1178 (7th Cir.1996) (listing cases).

The district court here specifically found that Cyphers' employees were knowing participants. Indeed, the district court expressly found that the "employees knew of and participated in the fraudulent practices" and did so "at the direction of the defendant." Moreover, each employee testified before a grand jury that he was aware that his activities were unlawful. One admitted that it was "common knowledge in the company as to what was going on." Another acknowledged that it was clear that Cyphers told them "to take samples in one fashion and report that they were taken in another way." The third employee agreed that his activities were suspicious, and that "shady business practices came after we took the things back to the office and Bob [Cyphers] actually altered the paperwork." This is simply not a case where the participants were unknowingly duped into the scheme.

In sum, we conclude that for purposes of section 3B1.1(c), a district court may look to relevant conduct in determining whether a defendant's base offense level should be adjusted. Here, it is sufficient that the district court found that Cyphers supervised employees who "knew and participated in the fraudulent practices at the direction of the defendant."

**AFFIRMED.**