UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4726

MILTON TILLMAN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CR-95-471-H)

Submitted: February 24, 1998

Decided: March 18, 1998

Before HAMILTON, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Michael E. Marr, Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Kathleen O. Gavin, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Milton Tillman, Jr., was convicted by a jury of subscribing to a false tax return, 26 U.S.C. § 7206 (1994), 18 U.S.C. § 2 (1994) (Count 1), income tax evasion, 26 U.S.C. § 7201 (1994), 18 U.S.C. § 2 (Counts 2, 4, 6), and failure to file income tax return, 26 U.S.C. § 7203 (1994), 18 U.S.C. § 2 (Counts 3, 5, 7). Tillman appeals his 57-month sentence, contending that the district court clearly erred in finding that he was a leader, organizer, manager, or supervisor in an offense involving fewer than five participants, USSG§ 3B1.1(c),* clearly erred in finding that he obstructed justice by providing false material information to the probation officer, USSG§ 3C1.1, and abused its discretion in refusing to depart to give him credit for a prior sentence he had already served. We affirm in part and dismiss in part.

I. Role Adjustment

From 1990 through 1992, Tillman failed to file tax returns. During those years, he owned a bail bond business, a successful teen nightclub, and had an interest in thirty-one residential rental properties. As one strategy to hide his income, Tillman used a number of corporate and individual nominees, including his mother, Patricia Black, who signed mortgage notes for several properties and signed the articles of incorporation for Tillman Enterprises as president. On his 1989 tax return, Tillman reported that he earned $35,744 for work performed as a stevedore (longshoreman), although the work was actually performed by Harold Coleman. Tillman was a member of the longshoreman's union. He and Coleman had an agreement whereby Tillman allowed Coleman to use his name and port number to obtain work while Tillman received the union benefits such as health insurance, vacation pay, and bonus payments. Coleman was paid with checks made out to Tillman. At first, Coleman took his checks to a tavern owned by Patricia Black, who cashed the checks for Coleman, keeping part of the money for Tillman. Coleman later obtained a false identification card and cashed the checks elsewhere.

_____

*U.S. Sentencing Guidelines Manual (1995).

2

Tillman objected to the probation officer's recommendation that he receive a two-level adjustment for having a leadership role. To qualify for an adjustment under USSG § 3B1.1(c), a defendant must have been the organizer, leader, manager, or supervisor of one or more participants. See USSG § 3B1.1, comment. (n.1). A "participant" is one who is "criminally responsible" for the offense, but need not have been convicted of it. USSG § 3B1.1, comment. (n.2). Tillman argued that he had not directed either Coleman or Black to engage in any criminal activity and that the specific acts of Coleman and Black which the probation officer relied on were not related to his tax offenses. However, the district court found that Coleman and Black were participants in Tillman's criminal scheme because Tillman directed them in activities which facilitated his criminal scheme.

We must uphold the district court's finding unless it is clearly erroneous. See United States v. Fells, 920 F.2d 1179, 1183 (4th Cir. 1990). We find that the adjustment was warranted, but only because Tillman's mother was a criminally responsible participant. Coleman was aware that his impersonation of Tillman brought Tillman certain fraudulently obtained benefits. However, there is no evidence in the record which suggests that Coleman knew he was also assisting Tillman in hiding income from other sources. A participant under USSG § 3B1.1 may be one who facilitates the offense charged to the defendant without being guilty of it. See United States v. Inigo, 925 F.2d 641, 659 (3d Cir. 1991). However, a participant must be knowledgeable about the offense; an unwitting facilitator of a crime is not a criminally responsible participant. See United States v. Cyphers, 130 F.3d 1361, 1363 (9th Cir. 1997) (citations omitted); United States v. Brinkworth, 68 F.3d 633, 641-42 (2d Cir. 1995). Tillman's mother, Patricia Black, was more intimately involved in Tillman's tax evasion. By signing documents designed to hide Tillman's purchase of various properties and his role in Tillman Enterprises, Black helped to hide the income from these business ventures. Because she had her own business at the time, the tax consequences of hiding income were more surely apparent to her. Therefore, we find that the district court did not clearly err in ruling that Tillman directed the activities of at least one criminally responsible participant.

Tillman also suggests that, because he received an enhancement for using sophisticated means to impede discovery of the existence or

3

extent of his offense, see USSG § 2T1.1(b)(2), an adjustment for having an aggravating role amounted to double counting. This issue was not raised below and is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993) (plain error review requires error plain under current law that is prejudicial to defendant and seriously affects the fairness, integrity, or public reputation of judicial proceedings). Absent an instruction to the contrary, adjustments from different guidelines are applied cumulatively. See USSG § 1B1.1, comment. (n.4). Therefore, we find no plain error.

II. Obstruction of Justice

Following his conviction, in his interview with the probation officer, Tillman disavowed a 1987 New Jersey conviction for eluding police which was part of his criminal record. He told the probation officer that he had not been in New Jersey at the time of the offense, and that the person involved was someone who had stolen his driver's license. At sentencing, the government produced evidence that Tillman was stopped in April 1985 on the New Jersey Turnpike and drove away when the officer found a bag of marijuana in the car and ordered his passenger out of the car. Tillman surrendered to authorities two weeks later. He was convicted of escape and was sentenced to nine months probation. The conviction was overturned on appeal due to faulty jury instructions and on November 6, 1987, Tillman agreed to plead guilty to eluding police. The plea agreement was introduced by the government at the sentencing in this case, but no information concerning the sentence imposed on the 1987 guilty plea could be found. At the time of the 1985 offense, Tillman was on probation in Maryland and was forbidden to leave Maryland without permission. Apparently because he violated this condition, Tillman's probation was revoked in Maryland and he was sentenced to two years incarceration. He received three criminal history points for the revocation sentence and one point for the unknown sentence for eluding police. The probation officer recommended that Tillman receive a two-level adjustment for obstruction of justice because he denied being the person who was stopped in New Jersey in April 1985 and eventually convicted of eluding police.

At sentencing, Tillman's attorney asserted that Tillman had simply tried to explain to the probation officer that he had no valid conviction

4

in New Jersey. He told the court that Tillman denied signing the agreement to plead guilty to eluding police. He argued that no points could be assessed for a sentence without proof of what the sentence was, and that, even if Tillman gave false information to the probation officer, it was not material because elimination of the one disputed criminal history point would not change his criminal history category. The district court found by a preponderance of the evidence that Tillman pled guilty to eluding police after his original conviction was overturned. The court found that Tillman had falsely stated that he was never in New Jersey and that someone else was the actual offender. The court further found that the false statement was material and that Tillman had attempted to obstruct justice.

The district court did not clearly err in finding that Tillman knowingly gave false information to the probation officer in light of the official records produced by the government relating to Tillman's New Jersey conviction. The materiality of Tillman's false statement is a factual determination which we review for clear error. See United States v. Hicks, 948 F.2d 877, 886 (4th Cir. 1991). A material statement is one that, if believed, would tend to affect the defendant's criminal history score. See USSG § 3C1.1, comment. (n.5). Although he could not predict the precise effect of his false statement, Tillman plainly hoped to reduce his sentence by lying about his criminal record. Whatever the ultimate outcome might have been had he been successful, the attempt alone was enough to merit an adjustment for obstruction of justice. See USSG § 3C1.1. Consequently, we find that the adjustment was warranted.

III. Failure to Depart

Tillman sought a downward departure to give him credit for a 27-month sentence for conspiracy to commit extortion he received in 1992. The imprisonment portion of the sentence was discharged in 1995 when Tillman was released. The district court declined to depart. Its decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

For the reasons discussed, we affirm the sentence imposed. We dismiss that portion of the appeal in which Tillman challenges the district court's decision not to depart. We dispense with oral argument

5

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

6