## UNITED STATES of America, Plaintiff–Appellee,

v.

## Demetrius Dmiral WARREN, Defendant–Appellant.

No. 08–30154.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2009.

Filed May 22, 2009.

Paulette Lynn Stewart, Assistant U.S., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Joseph Mayo Ashley, I, Ashley Law Office, Helena, MT, for Defendant–Appellant.

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM *

Defendant Demetrius Dmiral Warren challenges the district court's imposition of an 121–month sentence for conspiracy to commit firearms trafficking and related

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

offenses on the grounds that the sentence violated the Double Jeopardy Clause of the Fifth Amendment and that the district court erroneously applied a four-level leader/organizer enhancement to the sentence. We affirm the sentence.

■ Warren first argues that the imposition of consecutive sentences for the crime of making a false statement during a firearms transaction and the crime of aggravated identity theft pursuant to 18 U.S.C. Section 922(a)(2) and 18 U.S.C. Section 1028A(a)(1) violated the Double Jeopardy Clause of the Fifth Amendment because the sentences punished the same conduct. We review alleged violations of the Double Jeopardy Clause *de novo*. *See United States v. Byrne*, 203 F.3d 671, 673 (9th Cir.2000). "Where ... a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct ..., a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *see also United States v. Davenport*, 519 F.3d 940, 946 (9th Cir.2008). In this case, it is clear from the face of Section 1028A that Congress intended and has specifically authorized cumulative punishment under Sections 922(a)(6) and 1028A(a)(1) for the offense conduct at issue. Therefore, Warren's sentence does not violate the Double Jeopardy Clause.

■ Warren second argues that a four-level leader/organizer enhancement was erroneously applied to his sentence. We review determinations of fact under the Sentencing Guidelines for clear error. *United States v. Rivera*, 527 F.3d 891, 908 (9th Cir.2008). Application of the leader/organizer enhancement must be supported by a preponderance of the evidence. *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000). Defendant does not clearly challenge and we find the evidence plainly supports that Warren played a leader/organizer role in the trafficking conspiracy. The record shows Warren devised the trafficking scheme, personally directed the illegal purchase of firearms using straw purchasers recruited by him, and engaged in the firearms' transportation to and sale in California with Maurice Jowers and Alexis Evans. *See* U.S.S.G. § 3B1.1, cmt. 4; *Rivera*, 527 F.3d at 908–09 (finding defendant's directing of a participant to retrieve drugs for him and of another participant to serve as straw owner of a vehicle for him support a finding that he exercised authority over participants).

Warren asserts that the enhancement should nonetheless not be applied because there is no evidence demonstrating that there were five participants involved in Warren's offense conduct as is required for a four-level leader/organizer enhancement. U.S.S.G. § 3B1.1(a). A participant is defined in the application notes to U.S.S.G. § 3B1.1 as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, cmt. 1. In applying U.S.S.G. § 3B1.1, the district court may look not only at the defendant's role in the offense charged, but at all relevant conduct as defined in U.S.S.G. § 1B1.3. *See United States v. Cyphers*, 130 F.3d 1361, 1363 (9th Cir.1997). Though the district court did not make a specific finding as to who the five participants in Warren's offense conduct were, this is not fatal to application of the enhancement where evidence supports such a finding. *See United States v. Munoz*, 233 F.3d 1117, 1136 (9th Cir.2000). Reviewing the record, we conclude that the district court did not clearly err in

determining that a preponderance of the evidence established that there were five participants involved in the trafficking conspiracy and related conduct. The record clearly shows that Maurice Jowers and Alexis Evans assisted Warren in transporting the firearms at issue into California for sale. Both were arrested with Warren in Nevada with illegally purchased firearms in their personal bags. There is also sufficient evidence in the record to support a finding that at least two of the straw purchasers knowingly assisted Warren in purchasing firearms illegally for sale in California. There is evidence in the record that each of the straw purchasers were indicted for making a false statement in a firearm purchase. Furthermore, the record indicates that Warren informed one of the straw purchasers about the trafficking scheme, requested that another of the straw purchasers retrieve one of the purchased firearms seized while in interstate transit, made multiple firearm purchases with yet another of the straw purchasers, and, along with Jowers, bragged about the trafficking scheme generally. Hence, a preponderance of the evidence establishes that, including Warren, at least five persons were criminally responsible for the commission of the offense conduct. *See United States v. Atkinson,* 966 F.2d 1270, 1276 n. 8 (9th Cir.1992) ("The defendant may be considered in calculating the total number of participants for purposes of section 3B1.1.").

**AFFIRMED.**