**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10479 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00115-LRH-WGC-1 |
| v. | |
| AARON ROSS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 12, 2012[**]
Las Vegas, Nevada

Before: RAWLINSON, BYBEE, and IKUTA, Circuit Judges.

The district court did not clearly err by applying a leadership role

enhancement under U.S.S.G. § 3B1.1(c) to Ross's sentence because the record

supports the conclusion that Ross supervised at least one other participant in the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

crime, Jackson. *See* U.S.S.G. § 3B1.1(c) & cmt. n. 1; *United States v. Cyphers*, 130 F.3d 1361, 1363 (9th Cir. 1997) ("A participant for purposes of a role adjustment is 'a person who is *criminally responsible for the commission of the offense*, but need not have been convicted.'" (emphasis added)). The conclusion that Ross supervised Jackson is supported by, among other things, the district court's findings that Ross directed Jackson to pay for the minors' bus tickets and their hotel room, which was "to be used for both their accommodations and for their work."

"Clearly erroneous review is significantly deferential, requiring that the appellate court accept the district court's findings absent a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (internal quotation marks omitted). The relevant offense was transportation of a minor for prostitution. *See* 18 U.S.C. § 2423(a) (requiring to prove a violation that a person "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution"). Though Jackson was not convicted, the record supports the conclusion that he was criminally responsible for transportation of a minor for prostitution. Jackson was close friends with and spent a significant amount of time with Ross; he was familiar and had associated with the Gouda

2

Mob; he purchased the bus tickets used to transport Ross and the minors, and traveled with them to Reno; and he knew that the girls were underage and worked as prostitutes. In light of this evidence and the district court's findings, there cannot be a "definite and firm conviction that a mistake has been committed." *See id.*

Ross's argument that the district court did not make any findings on his management of Jackson is without merit. "It is not necessary that the district court make specific findings of fact to justify the imposition of the role enhancement . . . [so long as there is] evidence in the record that would support the conclusion . . . ." *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012). In any event, the district court explicitly adopted the pre-sentence report and its addendum containing the findings regarding Jackson. *See United States v. Scott*, 642 F.3d 791, 801 (9th Cir. 2011).

**AFFIRMED**.