**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-30193 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00047-TMB-1 |
| v. | |
| **THOMAS M. RILEY,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 14, 2013
Anchorage, Alaska

Before:    **KOZINSKI**, Chief Judge, **BERZON** and **IKUTA**, Circuit Judges.

   **1.**  The district court didn't clearly err in determining that Riley qualified for

a sentence enhancement as "an organizer, leader, manager, or supervisor."

U.S.S.G. § 3B1.1(c); see also United States v. Mares-Molina, 913 F.2d 770, 773

(9th Cir. 1990).  At least one person mailed packages at Riley's direction and

---

   [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

opened a post office box in his name, at which Riley received shipments of cocaine. Riley sent the same person two kilograms of cocaine and instructed that the drugs be held pending his arrival. Because at least one criminally responsible person acted under Riley's direction at least once, the enhancement was appropriate. United States v. Maldonado, 215 F.3d 1046, 1050 (9th Cir. 2000); see also United States v. Cyphers, 130 F.3d 1361, 1363–64 (9th Cir. 1997).

**2.** Because the organizer enhancement applies, and because Riley had little history of lawful employment and derived his income primarily from the sale of cocaine, the district court didn't clearly err in applying the criminal livelihood enhancement. U.S.S.G. § 2D1.1(b)(14)(E); see also U.S.S.G. § 4B1.3 cmt. n.2.

**AFFIRMED**