**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10169 |
| Plaintiff-Appellee, | D.C. Nos. 4:20-cr-00250-JST-1 4:20-cr-00250-JST |
| v. | |
| JEREMY DONAGAL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted May 12, 2022
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

Jeremy Donagal appeals from the sentence imposed as a consequence of his

conviction for violating 21 U.S.C. § 843(a)(5), possession of punches or dies for

the purpose of manufacturing counterfeit drugs, and 21 U.S.C. § 331(i)(3), the

doing of any act which caused a drug to be a counterfeit drug. He was sentenced

to concurrent terms of 27 months' imprisonment for each count, and a consecutive

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

10-month term for violating the conditions of supervised release from a prior drug conviction.

On appeal, Donagal contends that the district court erred in calculating his base offense level under U.S. Sentencing Guidelines (USSG) § 2D1.12(a)(1) and in applying a two-level sentencing enhancement for the supervision of a criminal participant under USSG § 3B1.1(c). Because Donagal did not object at sentencing, we review his claims for plain error. *United States v. Randall*, 162 F.3d 557, 561 (9th Cir. 1998). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Where, as here, a defendant is convicted of a felony for which no sentencing guideline directly applies, the district court must apply the most analogous sentencing guideline. *See* U.S.S.G § 2X5.1. The district court applied USSG § 2D1.12(a)(1), a base offense level pertaining to a defendant who "intended to manufacture a controlled substance or knew or believed that the prohibited flask, equipment, chemical, product, or material was to be used to manufacture a controlled substance." Donagal contends that the court should have applied the lesser base offense level under § 2D1.12(a)(2), which requires that a defendant have "reasonable cause to believe" the prohibited equipment was to be used to manufacture controlled substances. He argues that because there is no evidence he intended to manufacture a controlled substance—only a counterfeit substance—it was plain error for the court to apply the more severe punishment. We disagree.

2

Both USSG §§ 2D1.12(a)(1) and (a)(2) refer to the manufacture of "controlled substances" and differ only with respect to a defendant's mental state. The district court did not plainly err in applying USSG § 2D1.12(a)(1) because an "intent to manufacture" is more analogous to the circumstances of his case and his plea admissions.

Donagal also challenges the district court's adoption of a two-level offense increase for supervision of a criminal participant. *See* USSG § 3B1.1(c). Donagal contends there was no evidence that his employee was aware of the criminal nature of Donagal's activities to support imposition of the enhancement. *See United States v. Cypher*s, 130 F.3d 1361, 1363 (9th Cir. 1997) ("[U]nknowing facilitators of crimes will not be considered criminally responsible participants."). The district court adopted the factual findings in the Presentence Report without objection, *see* Fed. R. Crim. P. 32(i)(3)(A), which stated that Donagal's employee had assisted in packaging and shipping counterfeit drugs seized from Donagal's leased warehouse. The record reveals a counterfeit drug operation involving an active pill press, clandestine laboratory, tens of thousands of finished pills stamped with the commercial label for Xanax, and business cards listing a private site on the darknet for purchase of these substances. Given the context surrounding the employee's workplace environment and the stringent plain error standard of review, we conclude that the district court did not plainly err in imposing this upward

enhancement.

**JUDGMENT AFFIRMED.**