**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randall W. SUTHERLAND,
Defendant–Appellant.**

**No. 91–1961.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1991.

Decided Jan. 28, 1992.

Rodger A. Heaton, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Monroe McWard (argued), Taylorville, Ill., for defendant-appellant.

Before CUMMINGS and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Randall W. Sutherland was convicted of conspiring to commit mail fraud on war veterans and their families. To perpetrate his fraud, he represented himself as a military historian, author, publisher, and physician who needed to borrow veterans' memorabilia to write a book. R. 34. Beginning in mid–1988, Sutherland obtained membership rosters of veterans' organizations, solicited war memorabilia from veterans and their widows, and then sold the memorabilia for his personal gain. He never wrote any book or returned any of the items, as promised. During the proceedings below, Sutherland agreed to plead guilty to the crime in exchange for the government's recommendation that he receive a sentence at the lower end of the range specified by the sentencing guidelines, as well as a two-level reduction for acceptance of responsibility. R. 34. In addition, the Springfield probation officer recommended a sentence of 15 months. Despite the government and probation officer's recommendations, the district court imposed the maximal sentence on Sutherland, 16 months of imprisonment, including a two-point upward adjustment for having preyed on "vulnerable victims." Sutherland appeals that adjustment.

 § 3A1.1 of the United States Sentencing Guidelines provides that "If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels." Whether a defendant's victims were "unusually vulnerable" is a question of fact reversible only for clear error. *United States v. Creech*, 913 F.2d 780, 782 (10th Cir.1990). The district court decided that Sutherland's victims, World War I and II veterans and their families, were unusually vulnerable because of their age and their status as war veterans. The court 1) calculated that World War I veterans would have been in their eighties when Sutherland contacted them, and World War II veterans would have been in their sixties or older. Tr. at

11. Then the court 2) stated a "truism that this Court can take judicial notice of.... We tend to place greater emphasis as we get older upon those high points and mountain top experiences of our lives and recall with more reminiscence what took place and things become more significant to us." Tr. at 11–12. Based on this "truism," the district court 3) took the further step of concluding that war veterans would be unusually susceptible to a fraud based on collecting and converting their personal war memorabilia.

 We do not believe that the district court heard sufficient evidence to support either of the first two steps it took in concluding that the veterans were vulnerable victims. In a fraud case where the defendant issues an appeal to a broad group, the court should focus on whom the defendant targets, not on whom his solicitation happens to defraud. *See United States v. Wilson*, 913 F.2d 136, 138 (4th Cir.1990); *cf. United States v. Cree*, 915 F.2d 352, 354 (8th Cir.1990) (defendant's involuntary manslaughter sentence could not be enhanced for victim vulnerability because in committing an involuntary crime, defendant did not target anyone). The notes to § 3A1.1 illustrate this rule, stating that the vulnerable victim adjustment "would not apply in a case where the defendant sold fraudulent securities by mail to the general public and one of the victims *happened to be* senile" (emphasis added). The rule makes sense. § 3A1.1 is designed to punish criminals who *choose* vulnerable victims, not criminals who target a broad group which may include some vulnerable persons.

 In the present case, the district court concluded that Sutherland's victims were vulnerable largely because of their age. Granted, Sutherland "primarily targeted World War II veterans or their widows." But he also contacted Vietnam veterans during his solicitations. Presentence Report at 2. Some of his solicitations were published in a general magazine with a national circulation. Tr. at 9–10. And Sutherland contacted veterans' widows, Presentence Report at 2, whose life experi-

ences may have been very different from those of the veterans themselves. Based on this targeted group, we cannot conclude that Sutherland targeted the elderly. In 1988, some Vietnam veterans would have been in their 30s. Although Vietnam veterans may have been a very small part of the targeted group, the district court did not hear any evidence to that effect. Furthermore, the detailed presentence report, which included a four-page list of Sutherland's victims (as well as their addresses and the amounts they had lost), did not specify the age of the veterans or their spouses. Finally, the persons reached by Sutherland's general advertisements were not necessarily aged. Without any evidence that Sutherland targeted the elderly in particular, the district court had no basis to conclude that Sutherland intended to take advantage of old persons. Even if Sutherland's targets had been uniformly old, there was no evidence that Sutherland considered their age in deciding upon them as victims or that their age was a factor in the crime in any way. Without such evidence, the district court could not have concluded that Sutherland deserved the adjustment. *See Cree*, 915 F.2d at 354 (fact that victim was intoxicated insufficient under § 3A1.1 when no evidence that defendant *chose victim because* of his "alcohol-related vulnerability").

Most important, the district court did not hear any evidence at all regarding Sutherland's targets or victims, the veterans or their spouses.[1] There was no evidence that the targets and victims were vulnerable because of their age, mental incompetence, physical infirmity, or any other characteristic. Evidence like this is necessary to support the vulnerable victim adjustment. *Compare United States v. Paige*, 923 F.2d 112 (8th Cir.1991) (reversing vulnerable victim adjustment even though Paige admittedly targeted young store clerks for his fraud, because "there was no evidence of

the victims' vulnerability other than Paige's own statement of his method of operation in targeting a large, loosely defined group") *with United States v. White*, 903 F.2d 457, 463 (7th Cir.1990) (upholding adjustment when White kidnapped gasoline station attendant who was in his sixties and had respiratory problems). Without any specific evidence, the court based the sentence on broad and unsupported generalizations about elderly veterans' nostalgia regarding their wartime experiences. Elderly veterans may well be nostalgic about their glory days. But does that mean that they are unusually likely to send their valued and irreplaceable memorabilia to a complete stranger with no assured means of recovering them? We believe that the district court could just as easily have concluded that because old veterans tend to be very attached to their memorabilia, they are unusually *in*vulnerable to such a fraud. In *United States v. Creech*, 913 F.2d 780, 781 (10th Cir.1990), the defendant was convicted of mailing a letter threatening to injure the addressee's family members unless the addressee periodically paid the defendant $100. The district court applied the upward vulnerable victim adjustment because the defendant had targeted newly married couples. The Tenth Circuit reversed, reasoning that "the district court heard no evidence *from the victim*, nor did the court otherwise hear any evidence regarding the *victim's* susceptibility to the crime.... There is nothing in the record to suggest the concern a bridegroom has for his bride is more than that a husband longer in the tooth has for the light of his life. We may freely presume ... that most married persons would become agitated over a threat of harm directed to their spouses" (emphasis in original). As in *Creech*, the district court's broad and unsupported generalization cannot support the upward adjustment.[2]

1. In its brief, the government understatedly concedes that "no detailed inquiry was made as to the specific mental condition of each victim of this mail fraud scheme." Br. at 8.

2. We wish to emphasize precisely what we are *not* holding in this case. If the district court

had heard specific evidence regarding the targets or victims' vulnerability, then there might be a further question of whether their vulnerability was "unusual" within the meaning of § 3A1.1. The district court did not hear any evidence on this point either. One could argue, however, that because "age" is specified within

### Conclusion

There was no evidence in the presentence reports or other documents that would support a conclusion that Sutherland targeted elderly veterans to exploit their age or that Sutherland's targets were particularly vulnerable to fraudulent solicitations such as Sutherland's. Accordingly, the sentence is VACATED and the case is REMANDED for resentencing.

---

the guideline, aged persons are "unusually vulnerable" as a matter of law. If that is the case, then a district court does not need to hear evidence on the particular characteristics of elderly victims, apart from their age. We do not reach this question here.