**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ana Laura HAINES, a/k/a Diane Miles, Defendant–Appellant.**

**No. 93–3687.**

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1994.

Decided Aug. 10, 1994.

---

John W. Vaudreuil, Asst. U.S. Atty., Daniel P. Bach, Asst. U.S. Atty. (argued), Madison, WI, for U.S.

Joseph W. Kryshak, Madison, WI (argued), for Ana L. Haines.

Before CUMMINGS, FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Ana Laura Haines and her husband operated an "elder care home" in their residence. During the time at issue here Haines used the name Diane Miles. In the fall of 1989, Haines and her husband moved from Arizona to Richland County, Wisconsin. Three elderly women, who they cared for, traveled with them. One of the three women under their care was Eunice Hoskins.

Before moving to Wisconsin Mrs. Hoskins had given a Durable General Power of Attorney to Haines. Haines's name on the power of attorney appears as "Diane Myles" (apparently a variation of "Diane Miles"). The power of attorney specifically stated that Haines (shown as Myles on the document) could not use assets of Mrs. Hoskins to pay Haines's own legal obligations. Shortly thereafter the power of attorney was forwarded to the Richland County Bank in Richland Center, Wisconsin. A little over two weeks after the execution of the power of attorney, Mrs. Hoskins transferred $77,-500.00 from a bank in Tucson, Arizona, to the

Richland County Bank. On the same date, Haines sent a $2,250.00 check to the bank. The Richland County Bank then issued a certificate of deposit in the amount of $80,-000.00 in the names of "Eunice I. Hoskins and Diane Miles."

Less than a month later on November 17, 1989, Haines, using the name Diane Miles, borrowed $20,000.00 from the Richland County Bank providing the certificate of deposit as collateral. She also gave the bank a false social security number on her application. The short term promissory note was signed both by Nick Miles and Diane Miles and "POA Eunice Hoskins." Of the loan proceeds, $17,500.00 was deposited in the joint checking account of Eunice Hoskins and Diane Miles and the balance of $2,500.00 was disbursed to the sellers of a parcel of real estate in rural Richland County. No repayment of principal or interest was made when due and a portion of the certificate of deposit was taken by the bank to repay the loan. Another certificate of deposit was issued for the remaining balance of $58,605.58 on July 3, 1990.

Five months earlier, in February of 1990 Haines obtained another loan from the Richland County Bank in the amount of $55,-000.00, again using the certificate of deposit as collateral. Haines provided a false social security number and the single payment note was issued and signed "Diane Miles POA." All but $500.00 of the loan proceeds were paid into the trust account of an attorney for purchase of real estate (the funds were never used for that purpose). The ultimate whereabouts of the loan proceeds are unknown. Again, Haines made neither the interest or principal payments when due and on July 25, 1990, the bank used most of the balance of the certificate of deposit to pay this second loan.

Mrs. Hoskins was unaware of either loan. The remaining balance of the certificate of deposit on July 25, 1990, was $2,936.00.

Three months later, in October, Haines and her husband left the state.

In March of 1993 a federal grand jury returned a two-count indictment against Haines for using a social security number to deceive the bank to obtain the two loans, in violation of 42 U.S.C. § 408(a)(7)(B). Haines was arrested in Florida in May of 1993, and transported to Wisconsin for trial. She pled guilty to Count I of the indictment, and Count II was dismissed.

A presentence report was prepared, which recommended that the district court apply two adjustments of two levels each. The first was a "vulnerable victim" adjustment, as provided for by U.S.S.G. § 3A1.1.[1] Mrs. Hoskins's vulnerability was demonstrated by her age, which was eighty-seven at the time of the offense, and the fact that for the preceding three years she had been completely reliant on Haines for her care.

The second adjustment was based on Haines having "abused a position of trust" as provided for by U.S.S.G. § 3B1.3.[2] Abuse of a position of trust was demonstrated by the fact that Haines was Mrs. Hoskins's caregiver for three years and that she had secured a power of attorney from Mrs. Hoskins, and then used that power for wrongful gain.

The district court found that the facts supported both of the adjustments, and applied them in sentencing Haines. It also concluded that it was permissible to apply both of these adjustments at the same time, and that to do so would not be "double counting." The district court also found that the guidelines do not prohibit applying both adjustments because each adjustment focuses on different aspects of the offense.

Haines was sentenced to 37 months in prison, followed by a three year term of supervised release. As a condition of supervised release, she was ordered to pay $77,-

---

1. U.S.S.G. § 3A1.1 provides:

   If the defendant knew or should have known that the victim of the offense was unusually vulnerable due to age, physical or mental condition, or that the victim was particularly susceptible to the criminal conduct, increase by two levels.

2. U.S.S.G. § 3B1.3 provides in pertinent part:

   If Defendant abused a position of ... private trust ... in a manner that significantly facilitated the commission ... of the offense, increase by two levels.

064.00 in restitution to Mrs. Hoskins's estate (Mrs. Hoskins died in December of 1992).

On the appeal of her sentence, Haines argues that the district court (1) committed clear error in finding a factual basis for applying the "vulnerable victim" adjustment, and (2) impermissibly "double-counted" when it applied both sentencing adjustments. The standard of review we apply when reviewing factual determinations in guidelines cases was set forth in our recent case, *United States v. Gio*, 7 F.3d 1279, 1289 (7th Cir. 1993): "[f]actual determinations will not be reversed unless they are clearly erroneous, that is, if we are left 'with the definite and firm conviction that a mistake has been committed.'" (citations omitted).

■ In *United States v. Sutherland*, 955 F.2d 25, 26 (7th Cir.1992), we noted that "[w]hether a defendant's victim[ ] [was] 'unusually vulnerable' is a question of fact reversible only for clear error." Mrs. Hoskins was 87 years old at the time of this offense. She could not live on her own, take care of herself, or personally manage her own finances. Haines knew Mrs. Hoskins's condition, and knew that Mrs. Hoskins was vulnerable.

We have no reason to believe that a mistake has been made, let alone "a definite and firm conviction." The purpose of this guideline provision is to "punish criminals who *choose* vulnerable victims." *Sutherland*, 955 F.2d at 26. The guideline itself refers to age as a source of vulnerability. Mrs. Hoskins was a stereotypical vulnerable victim, a helpless elderly woman. Haines is a calculating criminal who chose to prey on a victim who was especially vulnerable. The district court certainly made no error when it utilized an upward adjustment on the basis that Mrs. Hoskins was vulnerable.

■ Haines's second argument is that the district court impermissibly "double-counted" when it gave upward adjustments by applying both U.S.S.G. § 3A1.1 and § 3B1.3. Haines does not separately challenge the adjustment for abuse of a position of trust, but argues that if one of the two adjustments is applied the other cannot be. We will therefore restrict our review to that question.

Questions of law relating to interpretation of the Sentencing Guidelines are reviewed *de novo*. *United States v. Holloway*, 991 F.2d 370, 372 (7th Cir.1993).

■ Impermissible double counting occurs when a district court imposes two or more upward adjustments within the guidelines range, when both are premised on the *same* conduct. In other words, double counting occurs when identical conduct is described in two different ways so that two different adjustments apply.

This situation occurred in our recent case, *United States v. Kopshever*, 6 F.3d 1218 (7th Cir.1993). In *Kopshever* the district court adjusted the defendant's sentence based on both the "vulnerable victim" adjustment and the "unusually serious psychological injury" adjustment. We held that district court had drawn on the same facts when applying both, and that without "a very different type of factual record" there was not enough evidence to support the psychological injury adjustment. *Id.* at 1224.

In *Kopshever* both adjustments focused on the victim, one on the victim's status, the second on the type of injury suffered by the victim. Both were premised on identical facts, and the factual support for the second was inadequate.

■ In this case, the situation is different. The facts in this record are sufficient to support each adjustment. Furthermore, the district court did not "draw from the same well" when imposing the upward adjustments. One adjustment focuses on the victim, who was demonstrated to be vulnerable. The other adjustment looks to the conduct of the offender, who abused a position of trust.

It is true that Mrs. Hoskins's vulnerability, her age and inability to care for herself, enabled Haines to gain her trust. But it is the abuse of that trust by Haines which led to the second adjustment, not Mrs. Hoskins's vulnerability. In *United States v. Boula*, 932 F.2d 651, 655 (7th Cir.1991), we stated that the "Guidelines sections are not mutually exclusive." In other words, even if there is some overlap in the factual basis for two or more sentencing adjustments, so long as

**294**

there is sufficient factual basis for each they may both be applied.

We note finally that §§ 3A1.1 and 3B1.3 both set out situations where double counting would occur and the adjustment should not be applied. The combination of the two adjustments is not proscribed. Situations can arise, as in this case, where both are applicable.

Haines's sentence is AFFIRMED.