114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carleton MOORE, Defendant-Appellant.
 No. 97-1017.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 29, 1997.*
Decided May 5, 1997.
 
 Before BAUER, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 While imprisoned at the Federal Correction Institution pursuant to his sentence for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Carleton Moore smuggled marijuana into the prison. A female visitor transferred a latex balloon filled with 8.25 grams of marijuana into Moore's mouth by a kiss. The observing officers were not fooled and subsequently placed Moore in a dry cell where he passed the contraband a few days later. Moore pleaded guilty and was convicted of possession of contraband in a federal prison in violation of 18 U.S.C. § 1791(a).
 
 
 2
 At sentencing, the district court assessed a two-point increase to Moore's criminal history score pursuant to U.S.S.G. § 4A1.1(d) and an additional one-point increase pursuant to U.S.S.G. § 4A1.1(e). The sole issue on appeal is whether the district court engaged in impermissible double counting when it assessed the one-point increase under § 4A1.1(e).
 
 
 3
 "Whether a sentencing court has incorrectly applied the Guidelines by 'double counting' is a question of law that we review de novo." United States v. Compton, 82 F.3d 179, 183 (7th Cir.1996) (citing United States v. Haines, 32 F.3d 290, 293 (7th Cir.1994)).
 
 Section 4A1.1(d) provides:
 
 4
 Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
 
 
 5
 A "criminal justice sentence" is defined by the Guidelines as "a sentence ... having a custodial or supervisory component." U.S.S.G. § 4A1.1, comment. (n. 4); Compton, 82 F.3d at 183 n. 8. Section 4A1.1(e) provides:
 
 
 6
 Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.
 
 
 7
 Moore committed the contraband offense while imprisoned under his sentence for being a felon in possession of a firearm. There is no question that § 4A1.1(d) is applicable to the facts of Moore's case, and Moore does not dispute that two-point increase to his criminal history score. He contends that the one-point increase assessed by the district court under § 4A1.1(e), on the basis of his imprisonment at the time of his offense, constitutes impermissible double counting. Impermissible double counting occurs when "two or more upward [sentencing] adjustments ... are premised on the same conduct," United States v. Williams, 106 F.3d 1362, 1367 (7th Cir.1997), or where "identical conduct is described in two different ways so that two different [sentencing] adjustments apply." Haines, 32 F.3d at 293, cited in Compton, 82 F.3d at 183, 185.
 
 
 8
 What Moore overlooks, however, is that the basis for invoking the two-point enhancement in § 4A1.1(d) is not Moore's imprisonment at the time of the offense, but rather his commission of the offense while under a criminal justice sentence. Though imprisonment is the typical way to serve a criminal justice sentence and is specifically enumerated in § 4A1.1(d), it is not the only way to be under a criminal justice sentence. As § 4A1.1(d) provides, a person may be under a criminal justice sentence if he is on probation, parole, supervised release, work release, or escape status. The Guidelines definition of "criminal justice sentence" suggests that there may be other ways to serve a criminal justice sentence so long as there is a certain "custodial or supervisory component." U.S.S.G. § 4A1.1, comment. (n. 4).
 
 
 9
 The enhancements to Moore's criminal history score pursuant to subsections 4A1.1(d) and (e) do not derive from the same conduct. The § 4A1.1(d) increase is based on Moore being under a criminal justice sentence at the time of the offense, and the § 4A1.1(e) increase is based on Moore's incarceration at the time of the offense. Moore argues that the distinction is not real.
 
 
 10
 Moore's reliance on this court's decision in Compton is misplaced. Compton does not stand for the proposition that subsection (e) cannot be applied to add an additional criminal history point to a defendant who commits an offense while imprisoned. The court in Compton held that electronic home detention constituted a "criminal justice sentence" for purposes of the § 4A1.1(d) enhancement, distinguishing the foci of subsections 4A1.1(d) and (e). Compton, 82 F.3d at 184. Subsection (d) focuses on the commission of an offense during the pendency of a criminal justice sentence, and subsection (e) focuses on the commission of a crime within a certain period of time following release from incarceration:
 
 
 11
 The enhancements is subsections (d) and (e) ... are premised on different conduct: the former punishes a defendant for committing a crime during the pendency of a criminal justice sentence, while the latter targets the criminal who commits other acts shortly after release from incarceration.
 
 
 12
 Compton, 82 F.3d at 184-85. The court in Compton unambiguously indicated that being incarcerated and being under a criminal justice sentence are not equivalent for purposes of calculating sentencing enhancements under the Guidelines.
 
 
 13
 Moreover, section 4A1.1(e) expressly contemplates enhancements under both subsections (d) and (e) and drops the increase under (e) to one point if the increase under (d) has already been assessed. "Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) less than two years following release from confinement on a sentence counted under § 4A1.1(a) or (b). This also applies if the defendant committed the instant offense while in imprisonment or escape status on such a sentence." U.S.S.G. § 4A1.1(e) comment. n. 5. "Because of the potential overlap of (d) and (e), their combined impact is limited to three points. However, a defendant who falls within both (d) and (e) is more likely to commit additional crimes; thus, (d) and (e) are not completely combined." U.S.S.G. § 4A1.1, comment. (backg'd ). See also United States v. Frieberger, 28 F.3d 916, 920 (8th Cir.1994) (the Guidelines contemplated and precluded the problem of double-counting in subsections (d) and (e)).
 
 
 14
 In United States v. Jimenez, 897 F.2d 286 (7th Cir.1990), this court held that it was not double-counting to impose both the two-point increase under subsection (d), and the one-point increase under subsection (e). The defendant in Jimenez earned two points under subsection (d) because he was under a criminal justice sentence at the time he committed the offense of escape, and he earned an additional point under subsection (e) because he committed the escape less than two years after release from imprisonment. To arrive at that result the court had to have construed "less than two years after release from imprisonment" to include imprisonment at the time of the offense. Accordingly, that the phrase "or while in imprisonment" was added to subsection (e), as was the phrase "or escape status," after the Jimenez case, is of no consequence.
 
 
 15
 Moore relies on United States v. Conner, 950 F.2d 1267, 1276 (7th Cir.1991), for the proposition that Jimenez merely holds that § 4A1.1(d) applies to a sentence for escaping from prison because the offense level for escape does not presuppose that the defendant was under a criminal justice sentence at the time of the escape. That proposition is true but irrelevant; Jimenez upheld assessing increases pursuant to both subsections (d) and (e) on the basis of imprisonment.
 
 
 16
 Subsections (d) and (e) must be considered together as part of an overall statutory plan addressing different penal interests, namely, pendency under a criminal justice sentence, and how recently the defendant was imprisoned, or whether the defendant was still imprisoned, at the time of the offense. When considered together, U.S.S.G. §§ 4A1.1(d) and (e) show that the Sentencing Commission contemplated Moore's double-counting argument and provided for different enhancements based on different combinations of qualifying factors. Instinctively, it may seem as though subsections (d) and (e) enhance Moore's sentence based on the same conduct: imprisonment at the time of the offense. But the Sentencing Commission contemplated, and this court embraced in Compton and Jimenez, a distinction. A defendant who commits a crime while under some form of sentence other than imprisonment or escape status is less culpable than the defendant who commits a crime while imprisoned, or when he was supposed to be imprisoned but escaped, or recently after he was released from prison. The latter type of defendant is legislatively deemed more deserving of a greater sentencing enhancement.
 
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 On April 21, 1997, this court granted defense counsel's motion for waiver of oral argument. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)