**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Lauren JARMAN, Defendant–
Appellant.**

**No. 97–1677.**

United States Court of Appeals,
Sixth Circuit.

Argued April 8, 1998.

Decided May 11, 1998.

Lawrence J. Phelan (argued and briefed), Haehnel, Phelan & Liquigli, Grand Rapids, Michigan, for Appellant.

Barbara Colby Tanase (argued and briefed), Office of the U.S. Attorney for the Western District of Michigan, Grand Rapids, Michigan, for Appellee.

Before: WELLFORD, BOGGS, and MOORE, Circuit Judges.

## OPINION

MOORE, Circuit Judge.

Defendant–appellant, James Lauren Jarman, appeals his sentence imposed by the district court following his guilty plea under 18 U.S.C. § 922(*o*). The district court considered him a "prohibited person" pursuant to the United States Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(4)(B). Jarman argues that this was an erroneous determination that adversely affected his guideline range. Jarman also claims that the government improperly enhanced his base offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(B) because he possessed between five to seven firearms. For the following reasons, we **AFFIRM.**

## I

The relevant facts are not in dispute. In 1994, Jarman was charged with various drug and firearm offenses in violation of federal law.[1] During a search of Jarman's residence, federal agents discovered six firearms.

In March 1994, Jarman entered into a proffer agreement with the government which required him to disclose information concerning the narcotics and controlled substance distribution and trafficking activities of certain motorcycle organizations. *See* J.A. at 90 (Proffer Agreement). A plea agree-

ment was likewise signed by Jarman and the government. J.A. at 23 (Plea Agreement).

Under the original plea agreement Jarman pleaded guilty only to Count Eight which involved using and carrying a firearm in relation to a drug crime, in violation of 18 U.S.C. § 924(c). *See* J.A. at 23–24 (Plea Agreement). Counts One through Seven were dismissed. J.A. at 17 (Judgment). However, after the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the government agreed that there was not an adequate factual basis to support an 18 U.S.C. § 924(c) charge. The government then successfully moved to vacate Jarman's sentence on Count Eight and to reinstate Counts One through Seven on February 21, 1997.

A second plea agreement was entered into between the parties in March 1997. *See* J.A. at 44–45 (Plea Agreement). Jarman pleaded guilty to Count Four of the indictment which charged him with unlawful possession of a machinegun. *See* 18 U.S.C. § 922(*o*).[2] At his sentencing hearing on this count, the district judge considered him a "prohibited person" within the meaning of U.S.S.G. § 2K2.1(a)(4)(B), which affected the applicable guideline range and established a base offense level of 20. *See* J.A. at 61–62 (Dist. Ct. Sentencing Hr'g). Application Note 6 of § 2K2.1 defines "prohibited person" as one who "is an unlawful user of, or is addicted to, any controlled substance...." Jarman was designated a "prohibited person" because he admitted to a presentence investigator at an interview that he used marijuana, cocaine, and methamphetamine from 1987 to 1992. This information was then incorporated into the Presentence Investigation Report ("PSR") which was submitted to the district judge. *See* J.A. at 78(PSR).

Jarman raises two narrow issues on appeal. First, Jarman claims the district court inappropriately designated him a "prohibited person" pursuant to U.S.S.G. § 2K2.1(a)(4)(B). Second, he claims the district court improperly added a two level in-

---

1. The illegal activities that Jarman engaged in took place "[o]n or about June 1, 1992...." *See* J.A. at 9–16 (Grand Jury Indictment).

2. Title 18 U.S.C. § 922(*o*)(1) reads in relevant part that "it shall be unlawful for any person to transfer or possess a machinegun."

crease to his base offense level because the offense involved between five and seven firearms. The district court properly exercised original jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review this direct appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II

▪ This court reviews a district court's application of the Sentencing Guidelines de novo, and the district court's findings of fact thereunder for clear error. *See, e.g., United States v. Gort–DiDonato,* 109 F.3d 318, 320 (6th Cir.1997). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. Perez,* 871 F.2d 45, 48 (6th Cir.), *cert. denied,* 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989)).

### A

▪ We begin by examining whether the district court appropriately considered Jarman a "prohibited person" under U.S.S.G. § 2K2.1(a)(4)(B).

Jarman asserts that the district court erred when it utilized his presentence interview admission of drug use at the time of the offense to designate him a "prohibited person." *See* J.A. at 78(PSR). This designation is significant because it establishes a base offense level of 20. *See* U.S.S.G. § 2K2.1(a)(4)(B). Jarman argues that this information was protected under U.S.S.G. § 1B1.8(a) and consequently should not have been used by the district court to establish the base offense level. The government argues that the information furnished by Jarman was independent of the cooperation agreement. The district judge agreed that the information divulged in the presentence interview was not part of the proffer agreement and ruled that it was not protected under § 1B1.8(a). *See* J.A. at 60–61 (Dist.Ct. Sentencing Hr'g).

Section 1B1.8(a) provides that:

Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation

agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

In *United States v. Miller,* 910 F.2d 1321 (6th Cir.1990), *cert. denied,* 498 U.S. 1094, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991), this court held that § 1B1.8(a) "unquestionably forbids the government to influence the sentencing range by disclosing revelations made by a defendant in the course of cooperation as required by a plea agreement." *Id.* at 1325.

In the present case, the record does not support Jarman's contention that information furnished to the presentence investigator concerning his drug habits was "provided pursuant to the [cooperation] agreement...." *See* U.S.S.G. § 1B1.8(a). After carefully reviewing the record, we believe that this was personal information given during a routine presentence interview and was not made in the course of cooperation as required by the parties' agreement. *See Miller,* 910 F.2d at 1325.

▪ This court is well aware that the Application Notes to the Sentencing Guidelines are accorded controlling weight. *See, e.g., United States v. Lewis,* 68 F.3d 987, 989 (6th Cir.1995). Application Note 5 of the Commentary to § 1B1.8(a) provides in pertinent part:

This guideline limits the use of certain incriminating information furnished by a defendant in the context of a defendant-government agreement for the defendant to provide information concerning the unlawful activities of other persons .... (*e.g.,* where the defendant, subsequent to having entered into a cooperation agreement, provides such information to the probation officer preparing the presentence report, the use of such information remains protected by this section).

Jarman emphasizes the parenthetical example contained within Application Note 5 and argues that "subsequent to having entered into a cooperation agreement on March 20, 1997, [he] provided certain information to the

presentence investigator." Appellant's Br. at 14. Thus, he summarily concludes that the government was prohibited from using those disclosures against him. Jarman apparently believes that his disclosure is protected under § 1B1.8 by virtue of the fact that it was made after the cooperation agreement was executed. However, we refuse to read this provision so narrowly; instead, we consider this guideline and concomitant Application Note in its entirety. We believe the proper inquiry should focus on the nature of the communication and the context in which it was articulated rather than on mere chronology.

Jarman has not directed this court to any persuasive evidence that his disclosure of personal drug use, which was revealed to the probation officer and was contained in a section of the Presentence Report entitled "Offender Characteristics," *see* J.A. at 76–78(PSR), was furnished by him in the context of the defendant-government cooperation agreement. *See* U.S.S.G. § 1B1.8 commentary, applic. note 5. Also, it is evident that Jarman's disclosure was completely extraneous to "information concerning the unlawful activities of other persons." *Id.* To suggest otherwise would be tenuous, at best.

█ Upon consideration of the Sentencing Guideline and accompanying Application Note, we hold that Jarman's admissions are not protected under § 1B1.8(a) and the district court did not err when it considered Jarman a "prohibited person."

**B**

█ Jarman next challenges a two-level sentencing enhancement by the district court for possessing between five to seven firearms. *See* U.S.S.G. § 2K2.1(b)(1)(B). Jarman asserts that three of the firearms found in his home were legally possessed. The government first argues that Jarman waived his right to challenge the district

court's application of § 2K2.1(b)(1)(B) by failing to object at the sentencing hearing. Alternatively, the government claims that because Jarman was a "prohibited person" under § 2K2.1(a)(4)(B), the firearms that he claims were lawfully possessed were, in fact, unlawful pursuant to 18 U.S.C. § 922(g)(3). The government is correct with respect to both arguments.

Section 2K2.1(b)(1)(B) mandates that if an offense involves between five and seven firearms, the offense level is increased by two. Application Note 9 of § 2K2.1 provides, "[f]or purposes of calculating the number of firearms under subsection (b)(1), count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed. . . ."

█ It is uncontested that Jarman did not object to the district court's two-level enhancement consistent with § 2K2.1(b)(1)(B). This circuit has explicitly held that failure to object to an enhancement operates as a waiver. *See, e.g., United States v. Dobish,* 102 F.3d 760, 762 (6th Cir.1996); *United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995). Therefore, Jarman is precluded from raising this issue for the first time on appeal.[3]

█ Despite the fact that no objection was made in the district court, Jarman contends that the two-level enhancement was plain error and affected his substantial rights; thus, he claims that his failure to object below is not dispositive. *See* Appellant's Br. at 18. Jarman is certainly correct that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." FED. R.CRIM. P. 52(b). Nonetheless, even if Jarman had timely objected in district court we find his argument lacking merit and hold that a two-level enhancement was indeed warranted. We therefore reject Jarman's

---

**3.** At oral argument, Jarman raised the issue of "double counting" for the first time. Although this court similarly is not obligated to address this newly raised argument, we also conclude that it is without merit. "Double counting 'occurs when identical conduct is described in two different ways so that two different adjustments apply.' " *Dobish,* 102 F.3d at 762 (quoting *United States v. Haines,* 32 F.3d 290, 293 (7th Cir.

1994)). Jarman's base offense level based on "prohibited person" status under § 2K2.1(a)(4) was premised on his illegal drug use at the time of the offense of unlawfully possessing a machinegun, while the § 2K2.1(b)(1)(B) enhancement focused on his possession of five to seven illegal firearms. We believe that these offenses are sufficiently unrelated and do not constitute "identical conduct" for sentencing purposes. *Id.*

argument that he is entitled to relief under Rule 52(b).

Title 18 U.S.C. § 922(g)(3) provides that "[i]t shall be unlawful for any person ... who is an unlawful user of or addicted to any controlled substance ... [to] possess in or affecting commerce, *any* firearm or ammunition...." 18 U.S.C. § 922(g)(3) (emphasis added). Jarman's status as a "prohibited person" was derivative of his unlawful use of controlled substances at the time of the offense. *See* J.A. at 78(PSR). Consequently, 18 U.S.C. § 922(g)(3) enjoined him from possessing any firearms.

Accordingly, because all six firearms that were confiscated from Jarman's residence were unlawfully possessed pursuant to 18 U.S.C. § 922(g)(3), the district court was correct in applying § 2K2.1(b)(1)(B)'s guideline enhancement. Since there was no error, "our inquiry is at an end." *See United States v. Vincent,* 20 F.3d 229, 234 (6th Cir. 1994).

### III

Upon plenary review and for the foregoing reasons, the sentence imposed by the district court is **AFFIRMED**.