UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Scott HAYES, Defendant–
Appellant.

No. 00–2100.

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before GUY, NORRIS, and GILMAN, Circuit Judges.

This is an appeal from a judgment in a criminal prosecution in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Michael Scott Hayes was convicted on his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a), and to possession of a firearm in furtherance of a bank robbery, in violation of 18 U.S.C. § 924(c). The district court sentenced Hayes to an aggregate 156 month term of imprisonment to be followed by a three year period of supervised release and Hayes took an appeal from this judgment. Counsel for Hayes filed a motion to withdraw from this appeal and filed a "no

merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hayes was served with this motion and a copy of the brief and was invited to respond, *see Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir. 1988), but he chose not to respond.

Hayes was named in a four-count indictment for his part in two separate bank robberies. Hayes was charged in the first three counts with bank robbery, possession of a firearm in furtherance of a bank robbery and assault of a federal employee that occurred during his September 13, 1999, robbery of the Great Lakes National Bank of Saline, Michigan. Hayes was also charged with the October 4, 1999, robbery of the United Bank and Trust in Dundee, Michigan.

Hayes eventually entered into a Criminal Rule 11(e)(1)(C) agreement to enter a guilty plea to the first three counts of the indictment. The parties contemplated that Hayes would face a maximum sentencing exposure of 138 months (seventy-eight months for the bank robbery and a consecutive sixty months for the firearm count) with a three to five year period of supervised release. Hayes expressly agreed that, although he would not be charged with the bank robbery of October 4, 1999, the details of that robbery, memorialized in an attached worksheet, were relevant conduct for purposes of sentencing on the counts of conviction. Indeed, Hayes stipulated in that same paragraph that he committed the October 4, 1999, bank robbery and that he should be sentenced "as if so convicted" pursuant to USSG § 1B1.2(c). The worksheet of the October 4, 1999, bank robbery specifically included, in part, the notation "Firearm Brandished." The government agreed to dismiss the fourth count against Hayes and, by virtue of Rule 11(e)(1)(C), Hayes would be free to withdraw his plea if the district court were to indicate that Hayes's maximum sentence would be above 138 months.

The parties formalized the aforementioned agreement in open court on June 6, 2000. The district court ascertained Hayes's mental state, informed Hayes of the constitutional guarantees he was waiving with his plea, and explained the elements of the relevant charges as well as the possible attendant penalties. The court concluded that there was a factual basis for the bank robbery and firearm counts, but that there was not a sufficient factual basis for the charge of assaulting a federal employee. The court thus accepted the pleas as to the first two counts but left open the question of Hayes's plea to assaulting a federal officer. In fact, Hayes was not convicted of this latter charge.

The parties met for sentencing following the completion of a presentence report. The most critical component of the report was the probation department's recommendation that Hayes's § 924(c) conviction, relating to the bank robbery of September 13, 1999, carried with it a minimum sentence of seven years, not five years, incarceration. The court explained that the extra two years was a result of Hayes's having admitted to "brandishing" the weapon in the October 4, 1999, bank robbery, conduct that Hayes specifically agreed in his plea bargain was relevant to the counts of conviction. The court afforded Hayes the opportunity to withdraw his plea but, after a discussion among the parties, Hayes agreed to go forward with a new sentencing cap of eighty-four months for the § 924 count. The court addressed the remainder of Hayes's objections to, and comments on, the presentence report, allowed Hayes and his counsel a chance to speak before formal sentencing, and sentenced Hayes to the aggregate 156 month sentence of record. This appeal followed.

Counsel for Hayes, in furtherance of his duty under *Anders,* posits one issue for appellate review while acknowledging its meritless nature, that is, counsel questions whether the guideline enhancement for brandishing a firearm was an improper "double counting" of offense conduct. This court reviews the district court's interpretation of the sentencing guidelines de novo, *United States v. Carroll,* 893 F.2d 1502, 1508 (6th Cir.1990), while findings of fact concerning sentencing are reviewed for clear error. *United States v. Hamilton,* 929 F.2d 1126, 1130 (6th Cir.1991). "[D]ouble counting 'occurs when identical conduct is described in two different ways so that two different adjustments apply.'" *United States v. Dobish,* 102 F.3d 760, 762 (6th Cir.1996) (quoting *United States v. Haines,* 32 F.3d 290, 293 (7th Cir.1994)). This court must therefore review de novo the district court's decision to sentence Hayes for his possession of a firearm in furtherance of the bank robbery of September 13, 1999, as if Hayes also brandished a firearm during a bank robbery.

The district court's decision to sentence Hayes as if he brandished the firearm is supported by the face of the plea agreement and the guidelines. In the case at bar, Hayes agreed to be sentenced as if he had committed the crimes to which he offered a plea as well as the October 4, 1999, bank robbery. The guidelines specifically contemplate that a defendant may make such an agreement. "[A] plea agreement ... containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." USSG § 1B1.2(c). There is no hint that Hayes's agreement was coerced or otherwise involuntary. In fact, although he argued that the government should be held to the original five year sentencing cap for the § 924(c) count, Hayes unequivocally reaffirmed his desire to enter a plea to the charge in spite of its revised, seven year cap. There is no suggestion that the assignment of offense points or the mathematical calculations were erroneous and it does not otherwise appear. This claim lacks merit. *Accord United States v. Jarman,* 144 F.3d 912, 915 n. 3 (6th Cir.1998) (not "double counting" where enhancement and § 924(c) conviction based on similar acts which occurred in two separate bank robberies). There are no other errors alleged or apparent in the record on review. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(c), Rules of the Sixth Circuit.