**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David P. WEISS, Defendant–Appellant.**

No. 02–1206.

United States Court of Appeals,
Seventh Circuit.

Submitted June 20, 2002.

Decided July 10, 2002.

Before WOOD, Jr., COFFEY, and ROVNER, Circuit Judges.

ORDER

David Weiss pleaded guilty to conspiracy to pass United States savings bonds over forged endorsements, 18 U.S.C. §§ 371, 510, and was sentenced to 15 months' imprisonment. Weiss filed a timely notice of appeal, but his attorney, unable to identify a nonfrivolous ground

for appeal, has moved to withdraw. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and because Weiss did not respond to his attorney's motion to withdraw, *see* Cir. R. 51(b), we limit our review of the record to the potential issues counsel's brief identifies, *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

Counsel examines whether Weiss could challenge his sentence by arguing that the district court clearly erred in imposing a two-level upward adjustment for abuse of a position of trust under U.S.S.G. § 3B1.3. *See United States v. Bailey,* 227 F.3d 792, 801 (7th Cir.2000). To impose the adjustment, the district court must first find that the defendant occupied a position of trust, and then conclude that the defendant's abuse of that position significantly facilitated the crime. *See United States v. Davuluri,* 239 F.3d 902, 908 (7th Cir.2001).

Weiss' co-conspirators redeemed savings bonds valued in excess of $180,000 by forging the endorsements of the registered owners. In his plea agreement Weiss admits that he obtained the savings bonds from the safety deposit box of Reba Oliner, his elderly widowed second cousin. Weiss also acknowledges that Oliner granted him power of attorney and access to her safety deposit box before he took the bonds. The district court relied on this evidence to conclude that Weiss occupied a position of trust. *See id.; see also United States v. Haines,* 32 F.3d 290, 292 (7th Cir.1994) (elderly woman's caregiver given power of attorney held position of trust). And because Weiss supplied Oliner's savings bonds to the conspiracy, it would be frivolous to dispute the district court's conclusion that Weiss' position of trust significantly facilitated the fraudulent scheme.

Nevertheless, counsel asks whether Weiss could challenge the district court's sentencing determination by arguing that he was not in a position of trust with the bank that accepted the forged savings bonds, "the" victim of his charged offense. But nothing in § 3B1.3 requires that the position of trust have been conferred by the bank, because Oliner was also a victim of Weiss' fraudulent scheme. *See United States v. Bhagavan,* 116 F.3d 189, 193 (7th Cir.1997) (applying § 3B1.3 adjustment where identifiable victims of overall fraudulent scheme put defendant in a position of trust). The guideline requires merely that the defendant abuse a position of trust "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. Because Weiss' appropriation of Oliner's savings bonds facilitated his fraud offense, the district court's conclusion that Weiss abused a position of trust could not be clearly erroneous, and it would be frivolous to contend otherwise.

Counsel's motion to withdraw is GRANTED, and this appeal is DISMISSED.