**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andrew WILBOURN, Defendant–
Appellant.**

**No. 01–5597.**

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before MARTIN, Chief Judge;
MOORE, Circuit Judge; WISEMAN,
District Judge.[*]

Andrew Wilbourn appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Wilbourn pleaded guilty to charges of possession of the equipment and materials used to manufacture methamphetamine and conspiracy to manufacture methamphetamine, violations of 21 U.S.C. §§ 843, 846. He was sentenced to 262 months of imprisonment to be followed by eight years of supervised release.

In his timely appeal, Wilbourn challenges his sentence, contending: (1) that his prior conviction of escape was not a "crime of violence" as defined by USSG § 4B1.2(a) and was therefore improperly used to classify him as a career offender under § 4B1.1; (2) that the district court should have granted him a downward departure in offense level because he was determined to be a career offender based on a nonviolent crime; and (3) that the career-offender provision, as applied, violates his constitutional rights.

The district court's application of the sentencing guidelines is reviewed de novo. *United States v. Jarman,* 144 F.3d 912, 914 (6th Cir.1998). Wilbourn does not challenge the district court's factual findings.

The district court did not err in determining that Wilbourn's past escape conviction was a "crime of violence" within the meaning assigned to the phrase by § 4B1.2. *United States v. Harris,* 165 F.3d 1062, 1068 (6th Cir.1999). Although Wilbourn asks the court to overrule *Harris,* the decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this [c]ourt sitting en banc overrules the prior decision." *Salmi v. Secretary of Health and Human Servs.,* 774 F.2d 685, 689 (6th Cir.1985). The district court did not err.

Wilbourn's contention that the district court should have granted him a downward departure is not cognizable in the circumstances presented in this case. A review of the sentencing transcript reveals that the district court did not mistakenly believe that it lacked the authority to

---

[*] The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

grant the requested departure: it merely found that a departure was not appropriate in the light of the particular circumstances of the case. This issue is unappealable. *United States v. Buchanan,* 207 F.3d 344, 355 (6th Cir.2000).

Finally, Wilbourn argues "that the treatment of his prior escape provision as a 'crime of violence' creates an unconstitutional disparity between his circumstances and the cases of those similarly situated." His argument lacks merit. *See United States v. Patterson,* 292 F.3d 615, 631–32 (9th Cir.2002) (rejecting disproportionality, due process, and equal-protection challenges to the career-offender provision).

Accordingly, we affirm the district court's judgment.