NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0238n.06
Filed: March 30, 2005

No. 04-5444

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL E. LAYMANCE, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. Michael Laymance appeals the sentence imposed after he pleaded guilty to conspiracy to possess and distribute marijuana. The Government seeks dismissal premised on Laymance's knowing and voluntary waiver of his appeal rights as a part of his guilty plea—or in the alternative, affirmance. Laymance resists dismissal by saying the Government's plea-agreement breach invalidates the appeal waiver. Finding no Government breach, we dismiss the appeal.

I

As part of his plea agreement, Laymance "waive[d] the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence." In exchange, the Government agreed to dismiss two counts of the indictment and agreed to a recommended base offense level with a corollary acceptance-of-responsibility adjustment.

Although Laymance acknowledges the knowing and voluntary nature of his waiver in his appeal briefing, he nonetheless urges annulment of the plea-waiver provision saying the Government reneged on its deal with him. We agree with Laymance that the Government did advocate a sentence in excess of that contemplated by the amended plea agreement.[1] But given the peculiar circumstances that unfolded at the sentencing hearing that prompted the Government's move, we cannot characterize it as a breach.

The prompting circumstances concern the consequential issue of the conspiracy's inception date. The pre-sentence report pinned the inception date within two years of Laymance's release from prison, while he was on supervised release. That fact merited adding three Guideline criminal history points to the calculation. Laymance, in an effort to avoid the extra points, voluntarily testified under oath about various drug transactions to try to convince the court that the conspiracy began about one year later than the pre-sentence report reflected—making him ineligible for the points. The shortcoming of this strategy was that Laymance revealed amounts of marijuana not mentioned in the amended plea agreement or the pre-sentence report.

When the Government heard this unsolicited, unexpected testimony, it advised the court, "Laymance basically confessed to the [c]ourt the relevant conduct is eighty-nine pounds over and above what was confessed to in the plea agreement." The court would be "well within its province to include that in the relevant conduct," said the Government. Acting on the suggestion, the court

---

[1]Amended (with Laymance's endorsement) to include an additional ten kilograms seized from Laymance's property in Tennessee in exchange for immunity from prosecution in that district.

sentenced in a range that incorporated the relevant conduct Laymance testified to on direct examination. Laymance contends this exchange with the court constituted a breach by the Government that invalidates his appeal waiver.

II

We consistently enforce appeal waivers such as the one contained in Laymance's guilty plea. *See, e.g., United States v. Ross*, 245 F.3d 577, 583 (6th Cir., 2001); *United States v. Fleming*, 239 F.3d 761, 765-66 (6th Cir. 2001). The government's breach of a plea agreement can, however, invalidate an otherwise valid appeal waiver. *United States v. Swanberg*, 370 F.3d 622, 627–29 (6th Cir. 2004). In *Swanberg* the government promised not to use information the defendant provided in his plea proffer against him for sentencing purposes. *Id*. at 628. At sentencing, though, the district court "unwittingly relied on information from [the defendant's] guilty-plea proffer in imposing the sentencing enhancement, and the prosecutor said nothing to correct this error." *Id*. at 628–29. We concluded that the prosecutor's conduct constituted a breach of the plea agreement that invalidated the waiver. *Id*. at 629.

But *Swanberg* cannot affect the outcome of this case. As we see it, nothing in this plea agreement restrained the Government from recommending an enhancement based on Laymance's confession to criminal conduct outside the ambit of his plea agreement. We find Laymance's arguments to the contrary unconvincing. He contends that both the Government's obligation to refrain from using information "provided by [Laymance] during his cooperation" and its agreement to a recommended base offense level prohibited the Government from speaking up as it did. In

assessing each basis, we conclude that neither required the Government to abstain from reacting to Laymance's confession to new criminal conduct.

As regards the cooperation argument, we find Laymance's testimony cannot reasonably be construed as cooperation. Laymance, motivated by the self-serving desire to avoid a sentencing enhancement, voluntarily disclosed information in response to questions from his own attorney. We agree with the district court's view that "[Laymance] can't cooperate against himself" and that the term "cooperation," as used in the plea agreement, means information provided to assist the Government in its investigation and prosecution of *others*. *See also United States v. Jarman*, 144 F.3d 912, 914–15 (6th Cir. 1998) (concluding that the defendant's disclosure of information "completely extraneous to . . . the unlawful activities of other persons did not constitute cooperation" (citation and internal quotation marks omitted)); United States Sentencing Guidelines, § 1B1.8 cmt. n. 6 (clarifying that "an agreement by the defendant simply to detail the extent of his own unlawful activities, not involving the agreement to provide information concerning the unlawful activity of another person" receives no protection from use under §1B1.8); United States Sentencing Guidelines, § 5K1.1 (permitting downward departures where a defendant provides "substantial assistance in the investigation or prosecution *of another person*" (emphasis added)). Because Laymance's testimony did not constitute cooperation, the Government had no duty to refrain from using it for sentencing purposes.

As for the argument Laymance premises on the agreement to recommend a certain base offense level, the recommended-base-offense-level provision reflects only the parties' accord

regarding the application of the Sentencing Guidelines to the *offense[s] to which a defendant agrees to plead* guilty.  The Government remained unconstrained by the plea agreement from alerting the court to the sentencing import of Laymance's testimony.

.                                                                III

Without establishing a breach by the Government of the plea agreement, Laymance identifies no basis for questioning the validity of his waiver.  Accordingly, we dismiss the appeal.[2]

---

[2]We note that by executing a valid appeal waiver, Laymance also waived his right to appeal his sentence on *Booker* grounds.  *United States v. Bradley*,---F.3d ---, 2005 WL 549176 (6th Cir. 2005).